### CHAPPELL v. McCOWN *ET AL.*

#### (87 S. E. 147.)

Elections—Injunctions.—An injunction will not issue at instance of an elector and taxpayer to enjoin the holding of an election, on the ground of the alleged unconstitutionality of the act directing such election, for the reason that the petitioner has an adequate remedy at law for any threatened injury.

Original Jurisdiction. August, 1915.

Petition by John Henry Chappell, an elector and taxpayer for an injunction against R. M. McCown, as Secretary of State, S. T. Carter, as State Treasurer, and C. W. Sawyer, as Comptroller General, and C. T. Graydon, Warren M. Thomas and J. F. Howell, as Commissioners of Election for Richland County, to enjoin them from incurring expenses in preparing for the election directed by an act to submit to the qualified electors of the State the question of the prohibition of the manufacture and sale of alcoholic liquors, etc., approved February 16, 1915, 29 Stats. 88, on the alleged ground that the act is unconstitutional and void.

The Circuit Judges, being called to the assistance of the Supreme Court in this case, which was heard by the Judges sitting *en banc,* in August, 1915.

*Messrs. Frank G. Tompkins* and *Cole. L. Blease,* for petitioner, cite: *As to right of plaintiff to bring action:* 75 S. C. 418; 97 S. C. 3. *Injunction will be granted where property rights are involved and there is no adequate remedy at law:* 81 S. C. 392; 78 S. C. 570; 94 S. C. 199; 44 S. C. 256; 26 S. E. 425. *Injunction proper remedy:* 41 S. C. 220, 253, 259 to 264; 17 L. R. A. 145; 65 S. E. 72; 132 Ga. 727; 62 S. C. 68. *The legislature cannot delegate its power to the voters:* U. S. Const., art. IV, sec. 4; State Const., art. III, sec. 1; art. I, sec. 14; *Ib.,* sec. 13; 60 S. C. 1; 30 S. C. 519; 87 S. C. 270; 72 Pa. St. 508; 13 Am. St. Rep. 716; 6 A. & E. Enc. of L. 1021; 36 N. J. 72; 13 Am. Rep. 72; Cooley's

FOOTNOTE.—As to the right of the citizen and taxpayer to enjoin waste or unlawful expenditure of State funds, see 4 S. C. 311, 38 S. C. 288, 17 S. E. 49, 39 S. C. 298, 17 S. E. 678, 41 S. C. 220, 19 S. E. 458, 23 L. R. A. 410, 44 S. C. 256, 22 S. C. 425, 42 S. C. 222, 20 S. E. 221, 26 L. R. A. 345, 74 S. E. 560, 53 S. E. 760, 78 S. C. 227, 58 S. E. 1095, 64 S. C. 120, 41 S. E. 834, and note in 56 L. R. A. (N. S.) 1915d, 178 to 187. As to when Courts of equity will enjoin elections, see 78 S. C. 570, 59 S. E. 707, 81 S. C. 392, 63 S. E. 308, and notes in 22 A. & E. Ann. Cas. 1912a, 723, 9 A. & E. Ann. Cas. 123, 40 L. R. A. (N. S.) 577, 50 L. R. A. (N. S.) 215-230.

Const. Lim. (6th ed.), pp. 137, 140, 143; Oberholtzer, The Referendum, Initiative & Recall in America, pp. 208 and 210, 216; 6 R. C. L. *"Delegation of legislative power:"* 5 Iowa 492; 4 Harrington 492; 33 Iowa 134; 8 N. Y. 483; 59 Am. Dec. 506; 92 N. Y. 311, 316; 44 Am. Rep. 380; 134 N. Y. 506; 31 N. E. 873; 70 S. C. 361; 191 N. Y. 428; 84 N. E. 380; 62 Mo. 188, 194; 21 Am. Rep. 411; 23 L. R. A. 113; 115 Tenn. 445; 91 S. W. 293; 48 Cal. 279; Locke, Two Treatises on Government 276; 62 Mo. 188; 21 Am. Rep. 411; 92 Wis. 63; 65 N. W. 738; 3 R. I. 33; 3 Mich. 343; 26 Vt. 357; 6 N. H. 264; 2 Iowa 165; 8 N. Y. 483.

*Messrs. Thos. H. Peeples,* Attorney General, and *Fred. H. Dominick,* Assistant Attorney General, for respondents, submit: *Plaintiff has a plain and adequate remedy at law:* 78 S. C. 570; 79 S. C. 414; 78 S. C. 228. *Election should not be enjoined:* Paine Elections, sec. 940; 54 S. C. 1; 81 S. C. 392; note in 40 L. R. A. (N. S.) 577; 123 La. 443; 49 So. 12; 58 W. Va. 651; 52 S. E. 776; 78 Miss. 648; 29 So. 465; 88 Miss. 489; 41 So. 186; 9 Ann. Cas. 120; 132 Ga. 727; 65 S. E. 72; 31 Okla. 620; 40 L. R. A. (N. S.) 576; 61 Ill. 201; 48 Ill. 485; 62 Ill. 306; 82 Ill. 119; 3 L. R. A. (N. S.) 382; 30 L. R. A. 90; 16 C. C. A. 516; 69 Fed. 852; 151 Ill. 41; 25 L. R. A. 143. *Initiative and Referendum:* 44 Oregon 120; 74 Pac. 710; 75 Pac. 222; 53 Oregon 162; 99 Pac. 427; 57 Oregon 102; 37 L. R. A. (N. S.) 339; 223 U. S. 110; 223 U. S. 151; 21 Okla. 33; 95 Pac. 435; 18 Ann. Cas. 197; 106 Ark. 506; 153 S. W. 826; notes in 11 L. R. A. (N. S.) 1092, and 33 L. R. A. (N. S.) 969; 112 Pac. 402; 53 Wash. 432; 102 Pac. 408; 137 Iowa 452; 115 N. W. 177; 113 Pac. 775; Cooley's Const. Lim., p. 120; 26 Wis. 291; 1 L. R. A. (N. S.) 483; Black, Intoxicating Liquors, sec. 45; Cooley's Const. Lim. 174; 13 Bush. 485; 37 Iowa 462; 50 N. J. L. 585; 1 L. R. A. 86; 5 Dak. 397; 3 L. R. A. 355; 41 N. W. 746; 46 Ohio St. Rep. 607; 6 L. R. A. 745; 23 N. E. 63; 1 Bl. Com. 57; 84 Va. 619; 5 S. E.

565; 14 Bush. 218; 29 Am. Rep. 407; 64 Miss. 59; 8 So. 201; 82 Mich. 393; 10 L. R. A. 69; 47 N. W. 39; 86 N. C. 8; 21 Vt. 456; 23 Cyc. 78, 79; 95 S. C. 104; note in 15 L. R. A. (N. S.) 942; 73 Ga. 604; 29 Fed. 865; 42 Ind. 547; 1 L. R. A. (N. S.) 482; 42 Ind. 547; 72 Pa. 491; 13 Am. Rep. 716; 40 Mo. 458, 464; 42 Md. 71; 20 Am. Rep. 83.

*Mr. D. W. Robinson,* as *amicus curiœ,* also filed an argument for respondents, cites: *As to Federal guaranty of republican form of government:* 2 U. S. 457; Federalist, No. 38; 139 U. S. 461; 178 U. S. 578; 88 U. S. 162; 74 U. S. 700; Black. Const. Law, ch. 10, sec. 91, p. 239. *Only political rights are involved:* Anderson, L. D. 905; 2 Bouvier L. Dic. 597; 105 N. W. 520; 3 L. R. A. (N. S.) 382, and cases in note; 36 Cal. 658, 662; 151 Ill. 41; 25 L. R. A. 146; 30 L. R. A. 97; 69 Fed. 16; C. C. A. 516. *The questions involved are governmental and political:* Black. Const. L., ch. 5, sec. 52, p. 83; 73 U. S. 50; 5 Pet. 20; 48 U. S. 42; 71 U. S. 475; 40 L. R. A. (N. S.) 576-8; 178 U. S. 579; 139 U. S. 449. *The Constitution requires free elections:* Art. II, sec. 15; art. I, sec. 1. *And the Courts will not interfere:* 78 S. C. 575; 81 S. C. 392; 44 S. C. 259, 268; 189 U. S. 487, 488; 231 U. S. 38; 15 L. R. A. 572, 573.

The petition was then refused in a formal order.

December 17, 1915.

The opinion of the Court, *en banc,* was delivered

PER CURIAM. The petitioner sought in this action to enjoin the holding of the election which was authorized by act of the legislature (29 Stat. 88) on the question of the prohibition of the manufacture and sale of alcoholic liquors and beverages in this State.

The motion for injunction was heard by the Court *en banc* last August, and, at that time, an order was filed refusing it, and stating that the reason therefor would be given later.

It is not deemed necessary to discuss the various grounds urged by petitioner why the election should be enjoined, or

those urged by respondents why it should not. It is sufficient to say that the Court was and is unanimously of the opinion that the motion should be refused on the ground that petitioner has an adequate remedy at law.